IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND ) ) ) | |
| Plaintiff, ) | CIVIL ACTION NO. 05-1763 (RBW) |
| v. ) ) | |
| COMPLETE PAINTING SERVICE CO, LLC ) a/k/a Complete Painting Service Company ) a/k/a Complete Painting Service Co., *et al.* ) ) | |
| Defendants ) | |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Fund" or "Pension Fund"), by undersigned counsel, request that the Court not dismiss this matter for the following reasons:

1. On September 2, 2005, Plaintiff filed its Complaint in this matter seeking payment of delinquent employee benefit contributions (Dkt. No. 1) against Complete Painting Service Co., LLC a/k/a Complete Painting Service Company a/k/a Complete Painting Service Co. ("Company").

2. The Complaint was served on the Company on September 20, 2005 by service on Karen Liquindoli, Manager of Company. An Affidavit of Service was filed with the Court on September 26, 2005 (Dkt. No. 2).

3. Company contacted counsel on or about October 3, 2005 and desired to settle the delinquency amounts due.

4. Michael Liquindoli ("Liquindoli" and together with Company, "Defendants"), Executive Manager of the Company, stipulated to the Complaint being amended and adding

168627-1

himself as a defendant in the action. The Stipulation for Leave to File the Amended Complaint ("Stipulation") was filed on October 31, 2005. (Dkt. No. 3).

5. The Court did not enter an Order which approved the Stipulation.

6. On December 28, 2005 the Court entered an Order to Show Cause. (Dkt. No. 4).

7. Plaintiff contacted the Court and informed it that the Plaintiff was awaiting an Order allowing the Amended Complaint to be filed. Plaintiff was informed that it should file the Amended Complaint separately and doing so would satisfy the Court's December 28, 2005 Order.

8. Plaintiff filed an Amended Complaint on December 30, 2006 (Dkt. No. 5) which contained a Certificate of Service reflecting that a copy of the Amended Complaint was served on the Defendant by mailing a copy of same first class mail, postage prepaid, on December 30, 2005.

9. Proper service of the Amended Complaint was effected within 120 days of the filing of the Amended Complaint.

10. Although no appearance has been entered and no Answer has been filed, Plaintiff's counsel has been in contact with the Defendants who were attempting to resolve the matter.

11. Company ceased operating in April 2006, as such a resolution of this matter between the parties seems unlikely.

168627-1

12. Therefore, Plaintiff has attached as Exhibit 1 a copy of the Request for Entry of Default against the Defendants which will be filed separately on June 1, 2006.

> I declare under penalty of perjury in accordance with 28 U.S.C. §1746 that the foregoing is true and correct to the best of my knowledge, information and belief.

Date: June 1, 2006

/s/ Sanford G. Rosenthal
SANFORD G. ROSENTHAL

168627-1

## CERTIFICATE OF SERVICE

I, SANFORD G. ROSENTHAL, ESQUIRE, state, under penalty of perjury, that the foregoing Request to Clerk to Enter Default Pursuant to Fed. R. Civ. Pro. 55(a) was served by mailing same first class mail, postage prepaid, on the date listed below to:

Complete Painting Service Co., LLC
89 North Plains Industrial Road
Wallingford, CT 06492
and

Michael F. Liquindoli
Complete Painting Service Co., LLC
89 North Plains Industrial Road
Wallingford, CT 06492


/s/ Sanford G. Rosenthal
SANFORD G. ROSENTHAL, ESQUIRE

DATE: June 1, 2006

168627-1