DC11



RECEIVED SEP 2 5 2000
IUPAT PENSION FUND

International Union of Painters Allied Trades

# DISTRICT COUNCIL NO. 11



# WORKING AGREEMENT

CONNECTICUT PAINTERS AGREEMENT EFFECTIVE JUNE 1, 2000 – MAY 31, 200[?]

EXHIBIT 2

C4947 DC11

*these issues reserved*

SECTION 2.  Where no such cancellation or termination notice is served and the parties desire to continue said Agreement, but also desire to negotiate changes or revisions in this Agreement, either party may serve upon the other a written notice not less than sixty (60) days and not more than ninety (90) days prior to any subsequent contract year, advising that such party desires to revise or change terms or conditions of such Agreement. The respective parties shall be permitted all legal or economic recourse to support their requests for revisions if the parties fail to agree thereon. Nothing herein shall preclude the parties from making revisions or changes in this Agreement, by mutual consent, at any time during its term.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be signed by themselves or by their duly authorized agent, officer, or representative on the  13  day of  September , 2001 .

| CONTRACTOR | INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL # 11 |
|---|---|
| By: *Karen F. Day* | By: *Kenneth C. Murray* |
| Title: Executive Manager | Title: BM/ST DC#11 |
| For: Karen Complete Painting Service Co., LLC | |
| Address: | By: |
| PO Box 972, 33 Willieb St. Glastonbury CT 06033 | Title: |
| By: — | By: |
| Title: — | Title: |
| For: — | |
| Address: — | By: |
| | Title: |

Complete Painting Service Co., LLC
PO Box 972
33 Willieb Street
Glastonbury, CT 06033

- 35 -

SECTION 2. Where no such cancellation or termination notice is served and the parties desire to continue said Agreement, but also desire to negotiate changes or revisions in this Agreement, either party may serve upon the other a written notice not less than sixty (60) days and not more than ninety (90) days prior to any subsequent contract year, advising that such party desires to revise or change terms or conditions of such Agreement. The respective parties shall be permitted all legal or economic recourse to support their requests for revisions if the parties fail to agree thereon. Nothing herein shall preclude the parties from making revisions or changes in this Agreement, by mutual consent, at any time during its term.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be signed by themselves or by their duly authorized agent, officer, or representative on the __25th__ day of __October__, 20__04__.

(Replaces Signature Page 35, dated 7 July 2000.)

CONTRACTOR

By: _____
Title: Michael Liquindoli
       Executive Manager
For: Complete Painting Service Co., LLC
Address: 89 N. Plains Ind. Rd., #24
         Wallingford, CT 06492

By: _____
Title: _____
For: _____
Address: _____

INTERNATIONAL UNION OF
PAINTERS AND ALLIED TRADES
DISTRICT COUNCIL # 11

By: _____
Title: Business Representative

By: _____
Title: _____

By: _____
Title: _____

- 35 -

|  | I N D E X | PAGE |
|---|---|---|
|  | AGREEMENT AND PREAMBLE | 1 |
| ARTICLE I | RECOGNITION CLAUSE | 1 |
| ARTICLE II | WORK JURISDICTION | 1-5 |
| ARTICLE III | UNION SECURITY CLAUSE | 5-6 |
| ARTICLE IV | OUT OF AREA WORK CLAUSE | 7-8 |
| ARTICLE V | SUPPORT OF PRIMARY ACTIVITY | 8 |
| ARTICLE VI | TERRITORIAL JURISDICTION | 8 |
| ARTICLE VII | JOB REGISTRATION | 8 |
| ARTICLE VIII | WAGE RATES | 9-16 |
| ARTICLE IX | HOURS OF WORK | 16-17 |
| ARTICLE X | BRIDGE PAINTING | 17 |
| ARTICLE XI | APPRENTICE WAGE AND RATIOS | 18 |
| ARTICLE XII | FRINGE BENEFIT CONTRIBUTIONS | 18-19 |
| ARTICLE XIII | PAYMENT OF WAGES | 20-21 |
| ARTICLE XIV | MARKET RECOVERY | 21 |
| ARTICLE XV | EMPLOYER CONTRIBUTIONS AND PAYROLL DEDUCTIONS | 21-27 |
| ARTICLE XVI | UNION REPRESENTATION | 27-28 |
| ARTICLE XVII | TRADE RULES AND WORKING CONDITIONS | 28-29 |
| ARTICLE XVIII | INSURANCE | 29 |
| ARTICLE XIX | SAFETY | 30-31 |
| ARTICLE XX | NO SUBCONTRACTING CLAUSE | 31 |
| ARTICLE XXI | PRESERVATION OF WORK | 31-32 |
| ARTICLE XXII | FUNCTION OF MANAGEMENT | 32 |
| ARTICLE XXIII | GRIEVANCE PROCEDURE | 32-34 |
| ARTICLE XXIV | GENERAL SAVINGS CLAUSE | 34 |
| ARTICLE XXV | DURATION CLAUSE | 34-35 |

stating the date last worked and the reason for being laid off. Failing to comply with this rule, the Contractor will be subject to penalty of continuance of wages until officially laying off the Employee by producing the proper form as required by law.

## ARTICLE XIV

### MARKET RECOVERY

The District Council reserves the right to establish wages and or benefit contributions that are different than those contained in this agreement for the then current term, for the purpose of organizing, maintaining and/or recapturing work opportunities. The Union for the purposes listed above can change the terms and conditions of this Agreement as it sees fit at their sole and absolute discretion. All contractors shall be notified of any changes and/or concessions.

## ARTICLE XV

### EMPLOYER CONTRIBUTIONS AND PAYROLL DEDUCTIONS

**SECTION 1.   Apprenticeship and Training Funds:**

The Employers and the Union hereby establish/maintain an Apprenticeship and Training Fund to be known as the "District Council No. 11 JAT Fund", (hereinafter referred to as the Apprenticeship and Training Fund) under a Trust Agreement attached hereto as Exhibit A and made part hereof.

1. (a) Commencing with the first day of June 2000, and for the duration of this Agreement, and any renewals or extensions thereof, the Employer, as defined in the Agreement and Declaration of Trust executed by and between the International Union of Painters and Allied Trades, District Council No. 11, agrees to make payments to the District Council No. 11 JAT Fund for each Employee covered by this Agreement, as follows:

    (b) For each hour or portion of an hour for which an employee receives pay, the Employer shall make a contribution of 35 cents to the above named Apprenticeship and Training Fund.

    (c) Contributions shall be paid on behalf of any employee starting with the employee's first hour of employment in a job classification covered by this Agreement... This includes, but is not limited to: apprentices and journeypersons.

    (d) The payments to the Apprenticeship and Training Fund required above shall be made to the Painters District Council No. 11 JAT Fund which was established under an Agreement and Declaration of Trust, dated March 24, 1993. The Employer hereby agrees to be bound by and to the said Agreement and Declaration of Trust, as though he had actually signed the same.

(e) From the funds collected in the above manner, the Trustees of the Painters District Council No. 11 JAT Fund shall hold in trust the sum of five (5) cents per hour for each hour or portion of an hour for which an employee receives pay, and remit said sum to the International Union of Painters and Allied Trades Joint Apprenticeship and Training Fund (IUPAT-JATF) at such regular periods of time and in the manner and form as shall be determined by the Trustees of the International Fund.

(f) The payments to the International Fund required in above paragraph (e) shall be made to the IUPAT-JATF, which was established under an Agreement and Declaration of Trust dated May 1, 1995. The Employer hereby agrees to be bound by and to the said Agreement and Declaration of Trust, as though he has actually signed the same.

2. (a) The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the IUPAT-JATF such Trustees as are now serving, or who will in the future serve, as Employer Trustees, together with their successors, as provided for in the aforesaid Trust Indenture.

(b) The Union hereby irrevocably designates as its representatives on the Board of Trustees of the IUPAT-JATF such Trustees as are now serving, or who will in the future serve, as Union Trustees, together with their successors, as provided for in the aforesaid Trust Indenture.

(c) The parties hereto further agree to be bound by all actions taken by the Trustees of the IUPAT-JATF pursuant to the said Agreement and Declaration of Trust.

3. All contributions shall be made at such time and in such manner as the Trustees require; and the Trustees shall have the authority to have a Certified Public Accountant audit the payroll and wage records of the Employer for the purpose of determining the accuracy of contributions to the Apprenticeship Fund.

4. If an Employer fails to make contributions to the Painters District Council No. 11 JAT Fund within twenty (20) days after the date required by the Trustees, such failure shall be deemed a violation of this Agreement, and the Union shall have the right to take whatever steps are necessary to secure compliance with this Agreement, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all costs for collecting the payment due together with attorney's fees and such penalties as may be assessed by the Trustees. The Employer's liability for payment under this Article shall not be subject to or covered by any grievance or arbitration procedure or any "no-strike" clause which may be provided or set forth elsewhere in this Agreement.

5. The Apprenticeship Plan adopted by the Trustees of said Apprenticeship Funds shall at all times conform with the requirements of the Internal Revenue Code and other applicable laws and regulations so as to enable the Employer at all times to treat contributions to the Apprenticeship Fund as a deduction for income tax purposes.

SECTION 2.    Health & Welfare Fund:

1.  The parties hereto jointly agree to maintain the Health and Welfare Fund (now Known as District Council #11 Health Fund) for the benefit of the employees in accordance with the written Agreement and Declaration of Trust mad August 1, 1992, as the same may be from time to time amended. The Agreement and Declaration of Trust of the above named fund is incorporated and made a part of this Working Agreement.

2.  Each employer agrees to pay into the District Council #11 Health Fund the sum as provided in Article XIV, for each hour worked by each employee covered by this Agreement. Contributions shall commence with the employees first day of employment and shall be made on behalf of all employees working under the terms and conditions of this Working Agreement.

3.  Payments shall be due and payable in full by the twentieth calender day of each hour paid for, including hours attributable to show up time, and other hours (days) for which pay is received by the employee in accordance with this Agreement, shall be counted as hours (days) for which contributions are payable in the immediate preceding month. Payment remaining due after the above due date shall be adjudged delinquent and subject to a fine each day of delinquency of $25.00 or 5% of the unpaid balance, whichever is greater, paid proportionately to each fund. A statement of the number of hours contributed to the Health Fund and Pension Fund shall be furnished to the employees upon request.

SECTION 3. International Union of Painters and Allied Trades Union and Industry Pension Fund: The only agreement between the Employer(s) and the Union parties to this Agreement regarding pensions or retirement for Employment covered by this Agreement is as follows:

1.  (a) Commencing with the 1st day of June, 2000, and for the duration of this Agreement, and any renewals or extension thereof, the Employer agrees to make payments to the PAT International Union and Industry Pension Fund for each employee covered by this Agreement as follows:

    (b) For each hour or portion thereof for which an employee receives pay, the Employer shall make a contribution as specified in Article XIV, to the above-named Pension Fund.

    (c) For the purpose of this Article, each hour paid for, including hours attributable to show-up time, and other hours for which pay is received by the employee in accordance with the Agreement, shall be counted as hours for which contributions are payable.

    (d) Contributions shall be paid on behalf of any employee starting with the employee's first day of employment in a job classification covered by this Agreement. This includes, but is not limited to, apprentices and journeypersons.

    (e) The payments to the Pension Fund required above shall be made to the PAT International Union and Industry Pension Fund, which was

established under an Agreement and Declaration of Trust, dated April 1, 1967. The Employer hereby agrees to be bound by and to the said Agreement and Declaration of Trust, as amended from time to time, as though he had actually signed the same.

2. The Employer hereby irrevocably designates as its representative on the Board of Trustees such Trustees as are now serving, or who will in the future serve as Employer Trustees, together with their successors. The Employer further agrees to be bound by all actions taken by the Trustees pursuant to the said Agreement and Declaration of Trust, as amended from time to time.

3. All contributions shall be made at such time and in such manner as the Trustees require; and the Trustees may at any time conduct an audit in accordance with Article V, Section 6 of the said Agreement and Declaration of Trust.

4. If an Employer fails to make contributions to the Pension Fund within twenty (20) days after the date required by the Trustees, the Union shall have the right to take whatever steps are necessary to secure compliance with this Agreement, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all costs of collection of the payments due, together with attorneys' fees and such penalties as may be assessed by the Trustees. The Employer's liability for payment under this Article shall not be subject to or covered by any grievance or arbitration procedure or any "no strike" clause which may be provided or set forth elsewhere in this Agreement.

5. The Pension Plan and Annuity Plan adopted by the Trustees shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions to the PAT International Union and Industry Pension Fund as a deduction for income tax purposes.

SECTION 4. The Painters and Allied Trades Union Labor-Management Cooperation Fund.

1. (a) Commencing with the 1st day of June, 2000, and for the duration of this Agreement, and any renewals or extension thereof, the Employer agrees to make payments to the Painters and Allied Trades Labor-Management Cooperation Fund ("Fund") for each Employee covered by this Agreement as follows:

   (b) For each hour or portion of an hour for which an employee receives pay, the Employer shall make a contribution of five cents ($.05) to the Fund.

   (c) For the purpose of this Article and wherever similar language is used in this Agreement, each hour paid for, including hours attributable to show-up time, and other hours for which pay is received by the employee in accordance with the Agreement, shall be counted as hours for which contributions are payable.

   (d) Contributions shall be paid on behalf of any employee starting with the employee's first day of employment in a job classification covered by this Agreement. This includes, but is not limited to, apprentices and journeypersons.

- 24 -

2.  (a)  The Employer and Union signatory to this Agreement agree to be bound by and to the Agreement and Declaration of Trust, as amended from time to time, establishing the Fund.

    (b)  The Employer hereby irrevocably designates as its representatives on the Board of Trustees such Trustees as are now serving, or who will in the future serve as Employer Trustees, together with their successors.

    (c)  The Union hereby irrevocably designates as its representatives on the Board of Trustees such Trustees as are now serving, or who will in the future serve as Union Trustees, together with their successors.

3.  All contributions shall be made at such time and in such manner as the Trustees require, and the Trustees may at any time conduct an audit in accordance with the Agreement and Declaration of Trust.

4.  If an Employer fails to make contributions to the Fund within twenty (20) days after the date required by the Trustees, the Union shall have the right to take whatever steps are necessary to secure compliance with this Agreement, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all costs of collection of the payments due, together with attorneys' fees and such penalties as may be assessed by the Trustees.  The Employer's liability for payment under this Article shall not be subject to or covered by any grievance or arbitration procedure or any "no strike" clause which may be provided or set forth elsewhere in this Agreement.

**SECTION 5.   Check-off: Administrative Dues, Political Action Together and Foundation For Fair Contracting**

1.  Every Employer signatory to this Agreement hereby agrees to deduct the appropriate dues checkoff as specified in the District Council 11 Bylaws from any employee employed by such Employer during the term of this Agreement.

    (a)  The Union will notify the Employer in writing of the amount of Administrative Dues specified in the bylaws, and will submit to the Employer a copy of the bylaws or the applicable by-law provision.

    (b)  For each payroll period, the Employer will deduct from the wages of each employee the amount specified in the bylaws based on the number of hours worked during said payroll period, and will accumulate said deductions to the end of the month.

    (c)  On or before the twentieth (20th) day of each month, the Employer will remit to the Union the entire amount of Administrative Dues, due and owing as to each employee for the month previous, together with a list of employees covered hereby and the number of hours worked by each during the applicable period.

2.  (a)  When a signatory Employer performs a job within the jurisdiction of a union affiliated with the IUPAT other than the Union signatory hereto  and the bylaws of that other Union contain a provision for

Administrative Dues, or business representative/Business Manager "assessment", the Employer shall check-off from the wages of employees covered by this Agreement and employed on the job Administrative Dues, or business representative/Business Manager "assessment", in the amount stated in that other Union's bylaws and shall remit said amount to that other Union. In that event, the other Union shall be acting as agent of the signatory Union for the purpose of policing and administering this Agreement. In performing the check-off, the procedure specified in Section 1, a-c will be followed, except that it shall be the responsibility of said other Union to notify the Employer in writing of the amount of Administrative Dues or business representative/Business Manager "assessment", specified in its bylaws, and to submit to the Employer a copy of the bylaws for the applicable by-law provision. When the signatory Employer performs a job within the jurisdiction of a Union affiliated with the IUPAT other than the Union signatory hereto, and the bylaws of that other Union contain no provision for administrative dues, the Employer shall continue to be bound by Section 1.

(b) Every Employer signatory to this Agreement hereby agrees to check-off any employee employed by such Employer during the term of this Agreement Political Action Together and Foundation For Fair Contracting contributions in the amounts specified in this Agreement. Employers shall remit said amounts to the Union following the procedure set forth above in SECTION 4. (a-c) for the remittance of Administrative Dues.

3. **Employees Covered**: The obligations of the employer under Section 1 and Section 2 of this Article shall apply only as to employees who have voluntarily signed a valid dues deduction authorization card.

4. **Authorization Card**: At the time of employment of any employee, the Employer will submit to each such employee for his voluntary signature an agency fee or a dues deduction authorization card in duplicate, one copy of which is retained by the Employer and the other returned to the Union with their next funds remittance report, the form to be supplied such Employer by the Union.

5. **Monthly List**: On or before the twentieth (20th) day of each month, the Employer will submit to the Union a list of all employees covered by the Agreement who have not signed a dues deduction and/or agency fee authorization card, together with the number of hours worked by such Employee during the month previous.

   The Union and/or Trust Funds may at any time conduct an audit of the Employer's records to insure proper payments have been made. Failure to pay pension and welfare payments when due, contractor must post cash bond on demand to cover such payments past due and future estimated payments to conform with perspective Trust Agreements.

   Every new employer and/or non Connecticut employer party to this agreement shall post a ten thousand ($10,000.00) dollar surety bond with the District Council No. 11 Funds to cover payments on behalf of the District Council No. 11 members benefits. Until such surety bond can be posted, a minimum $5,000.00 dollar cash bond shall be held by the District Council No. 11 Funds. All interest will be used in administration of these procedures.

Collections for Health, Pension and Annuity, Apprenticeship, Dues Checkoff, Labor Management Cooperation Fund, Political Action Together, Foundation For Fair Contracting and any other such negotiated contributions, are to be submitted on one form and sent to District Council No. 11 with separate checks. Completed forms and payments are due not later than twenty (20) days after the month covered by the report. If the contractor is delinquent in payment, the Union will notify the contractor by the 15th of the delinquent month, reminding the contractor he is delinquent and clearly in violation of this Article.

If payment is not received immediately, the Union will have the right to notify its members that said contractor is in violation and the Union can prevent its members from working for the delinquent contractor sixty (60) days after the month covered by the report.

Each Board of Trustees and/or Union will take action to secure compliance with this Agreement including attorneys' fees, interest, penalties, and court costs.

The Employer's liability for payment under this Article shall not be subjected to or covered by any grievance or arbitration procedure or any "no strike" clause which may be provided or set forth elsewhere in this Agreement. The Employer agrees that the Union or Trustees shall be able to get an injunction to obtain immediate payment of the above money.

All funds adopted by the Trustees shall at all time conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions to said funds as a deduction for income tax purposes.

Employers found to be delinquent in remittals required by this Article shall be liable for all costs incurred by the Union and/or Trust Funds in securing compliance including court, audit, and attorney fees.

## ARTICLE XVI

## UNION REPRESENTATION

SECTION 1.   Any District Council No. 11 Representative shall have the right to visit all jobs and shops for the purpose of ascertaining whether the provisions of this Agreement are being carried out.

SECTION 2.    Job Stewards:

1. When it is for the best interest of District Council No. 11, the District Council reserves the right to place a Steward on any and all jobs within the jurisdiction of the District Council. If and when a Steward is placed on a job with a local contractor the Steward will be selected from that contractors regular work force if at all possible.

2. Stewards shall report all overtime on regular work days within twenty-four (24) hours to the District Council No. 11 office as to the number of employees and hours worked. Stewards shall also make this report at the first regular meeting.

3. All employees shall show their work cards or dues books to the Steward on the job, and shall support the Steward in the performance of their duties. Employees shall also upon request by a District Council Representative produce any and all pay stubs.

4. The Job Steward shall report all accidents to the Employer and the District Council office.

5. No Job Steward shall act in any supervisory capacity.

6. Any member who acts as Job Steward in accordance with the appointment and loses employment through the performance of Union-related duties as such, shall report the matter to the Business Manager/Secretary Treasurer, and an investigation of same shall be made by the District Council. Upon proof being secured that said Job Steward had been discriminated against, owing to the faithful work for the District Council, all employees at work in such shops shall be withdrawn until satisfactory adjustment has been reached, any provision to the contrary notwithstanding.

7. Job Stewards shall be allowed a reasonable time, whenever necessary, for the policing of job or conditions. Said activities will be performed in conjunction with the Foreman on the job. In no event shall a Job Steward be discharged, laid off, or transferred to another job until both the Employer and the District Council have had an opportunity to investigate the charge against the Steward. The Steward shall be the last employee on the job, exclusive of Foreman.

8. Whenever there is overtime on a job, the Steward shall be part of the work force.

## ARTICLE XVII

### TRADE RULES AND WORKING CONDITIONS

**SECTION 1.** Neither the Union nor the Employer shall discriminate against any employee or applicant because of race, color, creed, sex, or national origin.

**SECTION 2.** Each journeyperson and apprentice of the Painting Trades shall be required to furnish at least the following tools of the trade: wall knives, white overalls, putty knives, duster, hammer, screwdriver, pot hooks, work shoes, and steel toed work shoes if required by job site safety program. Paperhangers and Tapers shall likewise be required to provide such tools of the trade. Each journeyperson and apprentice in the Glass and Glazing Trades shall furnish tool box, combination square, glass pliers and offset breakers, wood, metal and coal chisels, claw and plastic hammers, snips straight, right and left, screwdrivers (assorted), nail sets, crescent wrench, yankee screwdriver and bits, pliers (assorted), hacksaw,